UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SERGIO SANCHEZ FAJARADO,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-08074-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Sergio Sanchez Fajarado ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying his application for disability benefits. For the reasons discussed below, the Court concludes that the ALJ erred when concluding that Plaintiff could perform certain jobs despite his inability to reach overhead with his right arm. The ALJ's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## BACKGROUND

Plaintiff filed his initial application for benefits on January 28, 2010, alleging disability beginning February 23, 2008. Administrative Record ("AR")

106-12. After Plaintiff's application was denied, he requested a hearing before an ALJ and an ALJ issued a written decision finding that Plaintiff was not disabled. See AR 21-30.

After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed to this Court. This Court reversed the ALJ's decision and remanded the case for further administrative proceedings, finding that the ALJ erred in asking a hypothetical question to the vocational expert that did not include Plaintiff's language limitation. AR 518-27. Following this Court's remand, the Appeals Council remanded the case to an ALJ for further proceedings, noting that Plaintiff had filed a new disability application and been found disabled as of September 10, 2013. AR 530-32. The Appeals Council's remand order did not reopen that favorable decision. See AR 431, 531. Therefore, the period at issue on remand was from February 23, 2008 through and including September 9, 2013. AR 431.

On remand, the ALJ determined that Plaintiff had the severe impairments of "right shoulder and elbow injuries status post right shoulder arthroscopic repair of rotator cuff tear and subacromial decompression, right ulnar nerve transposition, and depressive disorder." AR 433-36. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with additional limitations, including a restriction against "any overhead reaching with the right upper extremity." AR 437. The ALJ called a vocational expert ("VE") to testify about what work Plaintiff could perform given his limitations. AR 458-59. The ALJ presented to the VE a hypothetical based on Plaintiff's RFC:

> Let's take a 52-year-old, six grades of education, work experience as described. Let's say this person's unable to communicate in English; can lift 10 pounds frequently to 20 occasionally; stand six in eight hours, sit six in eight; occasionally bend and/or stoop; no

>overhead reaching with the right dominant arm and hand; no hazardous environments, usual heights, dangerous equipment, machinery; and limited to simple, routine, tasks. Could such a person perform the job this gentleman performed in the past?

AR 458. The VE testified that such an individual could not perform Plaintiff's past relevant work but could work as a small products assembler and fast food worker as described in the Dictionary of Occupational Titles ("DOT" or "DICOT"). AR 458-59; see DICOT 706.684-022, available at 1991 WL 679050; DICOT 311.472-010, available at 1991 WL 672682. The ALJ then asked the VE whether there was "[a]nything in your testimony that would vary with the contents of the DOT?" AR 459. The VE answered, "No, sir." Id.

On the basis of the VE's testimony, the ALJ found that Plaintiff could perform work that was available in significant numbers in the national economy. AR 442. The ALJ accordingly concluded that Plaintiff was not disabled from February 23, 2008 to September 9, 2013. Id. This second appeal followed.

## II.
## DISCUSSION

The primary issue presented by Plaintiff's appeal is whether the ALJ correctly determined that Plaintiff could perform other work available in the national economy. Plaintiff contends that the ALJ erred in determining that he was capable of working as a fast food worker and small products assembler because those jobs, as described in the DOT, are incompatible with the ALJ's assessment that Plaintiff could not engage in any overhead reaching with his right arm. JS at 5-11. This Court agrees.[1]

---

[1] Because this Court concludes that the ALJ erred in finding that Plaintiff was able to perform other work available in the national economy, it will not

3

The ALJ concluded that Plaintiff "cannot engage in any overhead reaching" with his right arm. AR 437. The Social Security Regulations define reaching as "extending the hands and arms in <u>any</u> direction." Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *7 (emphasis added). According to the DOT, the job of small products assembler requires reaching "frequently," <u>see</u> DOT 706.684-022, <u>available at</u> 1991 WL 679050, and the job of fast food worker requires "constant" reaching, DOT 311.472-010, <u>available at</u> 1991 WL 672682. It is apparent to the Court that the DOT's requirements for these two jobs conflict with a limitation against any overhead reaching.

When an expert's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2; <u>see also</u> <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1153-54 (9th Cir. 2007). An ALJ's failure to perform this step constitutes procedural error. <u>Id.</u> at 1153-54 & n.19. The Court may find the procedural error to be harmless if the VE provided sufficient support for his conclusion so as to justify any potential conflicts. <u>Id.</u> at 1154 n. 19.

Here, the VE did not offer and the ALJ did not elicit an explanation for the conflict. The VE offered no explanation for her conclusion that a person with Plaintiff's limitation of no overhead reaching with the right arm could perform the jobs of small products assembler or fast food worker, jobs which require frequent and constant reaching, respectively. Moreover, the VE did not provide an evidentiary basis for the ALJ to justify a divergence from the DOT listing in this particular case. As a result, it appears that the Court "ha[s] an apparent conflict with no basis for the vocational expert's deviation," a

---

address Plaintiff's other argument, that there was not substantial evidence for the ALJ's finding that Plaintiff was literate in English. JS at 16-25. The ALJ may wish to address this argument on remand.

circumstance that compels a remand so that the ALJ can perform the appropriate inquiry under SSR 00-4p. See Massachi, 486 F.3d at 1154 & n.19.

The Court does not find persuasive the Commissioner's contention that Plaintiff can still perform the requirements of the job of assembler of small products despite being limited to no overhead reaching with his right arm because the job description "only refers to work on an assembly line or on a bench, with no suggestion whatsoever that the line or bench can be overhead." JS at 12. But it is not clear from either the DOT or the VE's testimony whether Plaintiff would in fact be able to perform this job while unable to reach overhead with his right arm. The DOT states that a small products assembler "[l]oads and unload previously setup machines, such as arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, or broaches, to perform fastening, force fitting, or light metal-cutting operations on assembly line." Some of these acts may require overhead reaching. "As defined in the [DOT], the plain meaning of 'reaching' encompasses above-the-shoulder reaching." Mkhitaryan v. Astrue, 09-6971, 2010 WL 1752162, *3 (C.D. Cal. Apr. 27, 2010).

Nor can the Court conclude that any error was harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act context." (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006))). The ALJ did not have the VE explain the apparent conflict and give an expert opinion about how Plaintiff can perform these two jobs with his limitations on reaching. Therefore, the Court does not have expert testimony to defer to.

Whether to remand for further proceedings or award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where

additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635. Based on the foregoing, the Court finds that remand is warranted for clarification as to the impact, if any, of Plaintiff's reaching limitation on his ability to perform the occupations of fast food worker and small products assembler, and to sufficiently explain any deviation from the DOT.

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated: August 26, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge